UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMELA A. SCIABARRA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-03516 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its review of the initial *pro se* submission ("Compl."), ECF No. 1; Compl. Exhibits ("Compl. Exs."), ECF No. 1-1, an application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2, and its accompanying Affidavit ("Aff."), ECF No. 2-1. The court limitedly grants the IFP application, and for the reasons explained below, it dismisses this case without prejudice.

This matter is brought by plaintiff Livia M. Scotto, who is a resident of Florida, *see* IFP. App. at 1; Aff. at 1–2, and also perhaps by Carmela A. Sciabarra, though her status as a plaintiff in this case is unclear, *see, e.g.*, Compl. Exs. at 1, 11, 29, 33, 35, 41, 111. To that end, the court notes that only Scotto has filled out and executed the pending IFP Application and Sciabarra has neither participated in that application nor filed any IFP application of her own. *See generally* IFP App. Consequently, the IFP application is granted only on behalf of Scotto.

Next, the court generously construes the initiating submission as a complaint, even though it only partially resembles one. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint[.]") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the

court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.") (citing Fed. R. Civ. P. 3). The "complaint" is neither properly captioned, nor is it titled for this District, *see* Fed. R. Civ. P. 7(a)–(b), 10(a); D.C. LCvR 5.1(c)(1), (d), (g), and again, it is only signed by Scotto, not by Sciabarra, *see* Fed. R. Civ. P. 11(a). Moreover, it is disorganized and disjointed, instead consisting mostly of a hodgepodge of unexplained exhibits and court documents, *see* D.C. LCvR 5.1(e), that appear to have been previously filed, or attempted to have been filed, in cases before other (mostly federal) courts, *see generally* Compl. Exs.

The "complaint's" content fares no better; in fact, the intended defendants themselves are unclear, *see* Compl. at 1, though it appears that Scotto sues the United States, and perhaps other defendants who are yet unnamed, *see* IFP App. at 1. The allegations themselves are largely incomprehensible, vaguely concerning the return of "electronically stored data" of various kinds, as well as other evidence, money, and personal property, all of which were purportedly involved with Scott's prior lawsuits. *See* Compl. at 1. As far as it can be understood, Scotto demands a "show cause" and that a summons, subpoena, and warrant be issued, relating to "electronic data from Microsoft acct., outlook, other data sources, inclusive of cell phone records[.]" *See id*. She also demands that this court "reopen cases on grounds of attorneys law firm professional liability, legal malpractice, severe brain injury, concussion due to premises liability on standing of felonies criminal actors obstructing legal proceedings in previous venues[.]" *See id*.

As noted above, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Here, the "complaint" fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). Scotto's prolix submission is neither short nor plain, totaling 427 pages.

Indeed, as here, when a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Scotto's submission falls squarely into this category, wholly failing to give minimum notice of any cognizable claim or establish this court's subject matter jurisdiction or their plausible entitlement to relief, and never advancing beyond a tangled mass of broad assertions, thus also contravening Federal Rules 8(a) and 10(b).

Insofar as Scotto demands that this court "reopen" or otherwise intercede in her previous cases, it patently lacks subject matter jurisdiction to do so. *See* Fed. R. Civ. P. 12(h)(3). It may not review the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust*

*Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994). Similarly, it may not review or otherwise interfere with the decisions and actions of state courts. *See Richardson v. D.C. Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *Feldman*, 460 U.S. at 476; *Rooker*, 263 at 413).

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  February 14, 2025                        _____/s/_____
                                                                   RUDOLPH CONTRERAS
                                                                   United States District Judge